**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC, VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS, LLC; PRESTIGE HEALTHCARE A.S., LLC; MARK STERN; JACOB KARMEL AND NATHAN STERN<br><br>Defendants. | : | Civil Action No. 2:22-cv-02939 |

**ANSWER OF DEFENDANTS, PLATINUM HEALTH AT WESTGATE, LLC D/B/A WESTGATE HILLS REHABILITATION AND NURSING CENTER, VINTAGE HEALTHCARE, PHWH HOLDINGS AND PRESTIGE HEALTHCARE, TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare (hereinafter collectively referred to as "Answering Defendants"), by and through counsel, Burns White, LLC, hereby file the instant Answer to Plaintiff's Complaint with Affirmative Defenses, and aver as follows:

## I. PARTIES

### A. Plaintiff

1. Denied as stated. It is admitted only that Alvetta Webb was a resident of Westgate Hills Rehabilitation and Nursing Center from August 14, 2020 to September 8, 2020.

2. Admitted.

3. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

4. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

### B. Defendants

5. Denied. To the extent that this paragraph is directed to Defendants other than Answering Defendants, Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

6. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

7. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

8. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

9. Denied as stated. It is admitted only that Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center is licensed to operate skilled nursing facility in the Commonwealth of Pennsylvania. Further, Plaintiff has failed to identify the "agents, employees, servants, contractors, subcontractors, staff and/or partners" referenced in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. Moreover, these averments are denied generally in their entirety.

10. Denied as stated. It is admitted only that Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center is licensed to operate skilled nursing facility. To the extent that this paragraph is directed to Defendants other than Answering Defendants, Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. All remaining allegations of ownership, operation, management and/or control are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is

accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

11. Denied. The averments contained in these paragraphs are directed toward a Defendant and/or Defendants other than Answering Defendant, and are accordingly denied. To the extent a response is required all allegations of ownership, operation, management, control and/or direction are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

12. Denied. The averments contained in these paragraphs are directed toward a Defendant and/or Defendants other than Answering Defendant, and are accordingly denied. To the extent a response is required all allegations of operation and/or control are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

13. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

14. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

15. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

16. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

17. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

18. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

19. Denied. All allegations of ownership, operation, management and/or control are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

## II. JURISDICTION AND VENUE

20. Admitted.

## III. FACTUAL BACKGROUND

### A. Conduct of the Defendants

21. Denied as stated. It is admitted only that Alvetta Webb was a resident of Westgate Hills Rehabilitation and Nursing Center from August 14, 2020 to September 8, 2020.

22. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

23. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

24. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

25. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

26. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

27. Denied. Plaintiff has failed to identify the "members, managers and/or boards of directors" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. All allegations of ownership, operation, management and/or control are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

28. Denied. Plaintiff has failed to identify the "Facility-level, regional and corporate staff" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. All allegations of ownership, operation, management and/or control are specifically denied

and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

29. Denied. Plaintiff has failed to identify the "members, managers, boards of directors and corporate officers" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

30. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

31. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

32. Denied. Plaintiff has failed to identify the "administrators, members, managers, boards of directors and corporate officers" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

33. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

34. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

35. Denied. All allegations of operation and/or management are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

36. Denied. All allegations of negligent, intentional and/or reckless acts are specifically denied and denied generally as conclusions of law. To the extent that the remaining averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

37. Denied. All allegations of negligence and/or recklessness are specifically denied and denied generally as conclusions of law. To the extent that the remaining averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

38. Denied. All allegations of intentional acts are specifically denied and denied generally as conclusions of law. To the extent that the remaining averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

39. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

40. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

41. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

42. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

43. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

44. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

45. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

46. Denied. All allegations of proximate causation are specifically denied and denied as conclusions of law. The averments contained in this paragraph constitute conclusions of law,

which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

47. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

48. Denied. All allegations of ownership, possession, control, management, operation and maintenance are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

49. Denied. Plaintiff has failed to identify the "agents, servants, workers, employees, contractors, subcontractors, staff, and/or principals" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied general as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

50. Denied. Plaintiff has failed to identify the "agents, servants, workers, contractors, subcontractors, staff, and/or employees" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied general as conclusions of law. All allegations of negligence, recklessness, carelessness and/or proximate causation are specifically denied and denied as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly

denied. To the extent that further response is required, these averments are denied generally in their entirety.

51. Denied. Plaintiff has failed to identify the "agents, servants, workers, contractors, subcontractors, staff, and/or employees" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied general as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

52. Denied. All allegations of negligence and vicarious liability are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

**B. Injuries to Alvetta Webb at the Facility**

53. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

54. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

55. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

56. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

57. Denied. All allegations of negligence and/or proximate causation are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

58. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

59. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

60. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

61. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in

this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

62. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

63. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

64. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

65. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

66. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

67. Denied. All allegations of proximate causation are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

68. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

69. Denied. Ms. Webb's medical records are a document which speak for themselves and any characterization of them by Plaintiff is specifically denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

70. Denied. All allegations of negligence and/or proximate causation are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

71. Denied. All allegations of negligence, carelessness, recklessness and/or proximate causation are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

**COUNT ONE: NEGLIGENCE**

72. Answering Defendants hereby incorporate by reference the preceding paragraphs as if the same were fully set forth at length herein.

73. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

74. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

75. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

76. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

77. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

78. Denied. Plaintiff has failed to identify the "agents, employees, and/or servants" alleged in this paragraph. Accordingly all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

79. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

80. Denied. All allegations of negligence, carelessness, recklessness and/or proximate causation are specifically denied and denied generally as conclusions of law. All allegations of negligence contained in this paragraph and its subparagraphs (a) to (n), inclusive, are denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

81. Denied. Plaintiff has failed to identify the “agents, employees, and/or servants” alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

82. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

83. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

84. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

85. Denied. Plaintiff has failed to identify the “corporate members, managers, owners, and/or directors” alleged in this paragraph. Accordingly all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied as

conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

86. Denied. All allegations of negligent, outrageous, willful, wanton and/or recklessly indifferent conduct are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

87. Denied. All allegations of negligence, carelessness, recklessness and/or proximate causation are specifically denied and denied generally as conclusions of law. All allegations of negligence contained in this paragraph and its subparagraphs (a) to (aa), inclusive, are denied. Plaintiff has failed to identify the "officers, directors, members, managers, physicians, physicians' assistants, nurses, nurse's aides, regional and corporate staff" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

88. Denied. Plaintiff has failed to identify the "owners, officers, directors, partners, members, managers and employees" alleged in this paragraph. Accordingly all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

89. Denied. Plaintiff has failed to identify the "owners, officers, directors, partners, members, managers and employees" alleged in this paragraph. Accordingly, all allegations of employment, agency, ostensible agency and/or vicarious liability are specifically denied and denied generally as conclusions of law. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

90. Denied. All allegations of negligence, carelessness, recklessness and/or proximate causation are specifically denied and denied generally as conclusions of law. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

91. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

92.-102. Denied. These paragraphs and all claims of negligence *per se* are specifically denied as it has been stricken with prejudice pursuant to a stipulation filed with the Court on December 8, 2022. (Please see a true and correct copy of the Stipulation attached hereto as Exhibit "A"). All allegations of negligence, as well as all allegations of proximate causation, are specifically denied as conclusions of law to which no response is required. To the extent that the remaining allegations contained in this paragraph constitute conclusion of law, the same are accordingly denied. All other allegations are denied generally in accordance with Pa.R.C.P. 1029(e). Strict proof is demanded.

103. Denied. All allegations of intentional, outrageous, willful, wanton and/or recklessly indifferent conduct are specifically denied and denied generally as conclusions of law. To the extent that the remaining averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

104. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, together with reasonable costs, fees, and any other relief this Honorable Court deems just and proper.

**COUNT TWO: SURVIVAL STATUTE**

105. Answering Defendants hereby incorporate by reference the preceding paragraphs as if the same were fully set forth at length herein.

106. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

107. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

108. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent

that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

109. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

110. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

111. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

112. Denied. All allegations of intentional, outrageous, willful, wanton and/or recklessly indifferent conduct are specifically denied and denied generally as conclusions of law. To the extent that the remaining averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

113. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, together with reasonable costs, fees, and any other relief this Honorable Court deems just and proper.

## COUNT THREE: WRONGFUL DEATH

114. Answering Defendants hereby incorporate by reference the preceding paragraphs as if the same were fully set forth at length herein.

115. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

116. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

117. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of these averments, which are accordingly denied. To the extent that these averments constitute conclusions of law, the same is accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

118. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

119. Denied. The averments contained in this paragraph constitute conclusions of law, which are accordingly denied. To the extent that further response is required, these averments are denied generally in their entirety.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, together with reasonable costs, fees, and any other relief this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages of which Plaintiff complains were not caused by Answering Defendants, but were instead caused by her medical diagnoses, process, or condition.

### THIRD AFFIRMATIVE DEFENSE

The injuries alleged, if any, were caused or contributed to in whole or in part by the negligence, carelessness, recklessness or other liability-producing conduct of persons, parties and/or entities other than Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

There exists no proximate cause between Plaintiff's alleged damages and any act or omission on the part of Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants were not negligent, careless, reckless, willful, wanton, or deliberately indifferent in any respect as it relates to Alvetta Webb.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that discovery and/or investigation may establish this defense, Answering Defendants assert that the acts and/or omissions of individuals and/or entities other than Answering Defendants constitute intervening or superseding causes for the damages allegedly suffered by Alvetta Webb.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be time-barred and/or otherwise limited to the extent that the events and/or incidents complained of fall outside of the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff should be awarded any money damages, such possibility being specifically denied, then the amount of said damages must be reduced by the total amount of any and all medical expenses charged, but not actually paid by or on behalf of the decedent, and any amount recovered by the Plaintiff must be reduced by the sum of any and all medical expenses written off by a health care provider pursuant to Pennsylvania Supreme Court's ruling in Morehead v. Crozier-Chester Medical Center, 200 Pa. Lexus 2992 (Pa. December 22, 2000).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint contains allegations of negligence against unidentified agents, servants, workmen and/or employees, which are insufficient as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that discovery and/or investigation may establish this defense, the Answering Defendants assert that Answering Defendants hereby gives notice that it intends to rely upon other such affirmative defenses as may become available or apparent during the course of discovery and thus, reserve the right to amend this answer to assert such defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred and/or limited by the Doctrines of Contributory Negligence and/or Comparative Negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants herewith incorporate by reference all applicable defenses provided under the Health Care Services Malpractice Act, 40 P.S. §1301.101 et. seq., and the Medical Care Availability and Reduction of Error Act (M-Care) as fully as though were herein set forth at length.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, together with reasonable costs, fees, and any other relief this Honorable Court deems just and proper.

**Respectfully Submitted,**

**BURNS WHITE LLC**

BY: */s/ Peter A. Callahan*

Peter A. Callahan, Esquire
Pennsylvania Attorney ID No. 63052
**BURNS WHITE LLC**
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428
Telephone: 484.567.5700
Facsimile: 484.567.5701
Email: pacallahan@burnswhite.com
Attorney for Defendants,
*Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare*

Date: December 8, 2022

**CERTIFICATE OF SERVICE**

I, Peter A. Callahan, Esquire, hereby certify that service of the above Answer and Affirmative Defenses to Plaintiff's Complaint was made on this date to all parties listed below by the Court's electronic filing system and/or U.S. First-Class Mail.

Matthew T. Stone, Esquire
Murray, Stone & Wilson, PLLC
One Belmont Avenue, Suite 310
Bala Cynwyd, PA 19004
mstone@mswlawgroup.com
*Attorney for Plaintiff*

*/s/ Peter A. Callahan*
Peter A. Callahan, Esquire

Date: December 8, 2022

# Exhibit “A”

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC, VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS, LLC; PRESTIGE HEALTHCARE A.S., LLC; MARK STERN; JACOB KARMEL AND NATHAN STERN<br><br>Defendants. | Civil Action No. 2:22-cv-02939 |

**STIPULATION**

**AND NOW,** this 8th day of DECEMBER, 2022, it is hereby **STIPULATED** and **AGREED** that Plaintiff's Complaint is Amended as follows:

1. Plaintiff's allegations contained in paragraphs 92 through 102, inclusive, are hereby **STRICKEN with prejudice; and**
2. Plaintiff's claims of Negligence *per se* are **DISMISSED with Prejudice.**

**MURRAY, STONE & WILSON, PLLC**

/s/ *Matthew T. Stone*

Matthew T. Stone, Esquire
*Attorney for Plaintiff*

Date:

**BURNS WHITE LLC**

Peter A. Callahan, Esquire
*Attorney for Defendants,*
*Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare*

Date:

______________________________ **J.**