**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS, LLC; PRESTIGE HEALTHCARE A.S., LLC; MARK STERN; JACOB KARMEL and NATHAN STERN,<br><br>Defendants. | Case No. 2:22-cv-02939<br><br>DEFENDANTS, PLATINUM HEALTHCARE GROUP, LLC, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, PLATINUM PA HOLDINGS, LLC, MARK STERN AND NATHAN STERN'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

**ANSWER OF DEFENDANTS, PLATINUM HEALTHCARE GROUP, LLC, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, PLATINUM PA HOLDINGS, LLC, MARK STERN AND NATHAN STERN TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Platinum Healthcare Group, LLC, Apex Global Solutions LLC, Apex Healthcare Partners LLC, Platinum PA Holdings, LLC, Mark Stern, and Nathan Stern, (collectively referred to as "Answering Defendants"), by and through their attorneys, hereby submit the following Answer to Plaintiff's Complaint and Affirmative Defenses in connection with the above-captioned action.

## I. PARTIES

### A. Plaintiff

1. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of Plaintiff's Complaint. Therefore,

this allegation is denied.

2. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of Plaintiff's Complaint. Therefore, this allegation is denied.

3. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of Plaintiff's Complaint. Therefore, this allegation is denied.

4. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of Plaintiff's Complaint. Therefore, this allegation is denied.

**B. Defendants**

5. It is admitted that Answering Defendants are residents of the State of New York. To the extent the allegations of Paragraph "5" relate to non-answering Answering Defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of Plaintiff's Complaint and, therefore, this allegation is denied.

6. It is admitted that Mark Stern is a resident of the State of New Jersey.

7. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of Plaintiff's Complaint. Therefore, this allegation is denied.

8. It is admitted that Nathan Stern is a resident of the State of New Jersey.

9. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of Plaintiff's Complaint. Therefore,

this allegation is denied

10. Answering Defendants deny the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11. Answering Defendants deny the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

12. Answering Defendants deny the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13. Answering Defendants deny the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. Answering Defendants deny the allegations set forth in Paragraph "14" of Plaintiff's Complaint.

15. Answering Defendants deny the allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16. Answering Defendants deny the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

17. Answering Defendants deny the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. Paragraph "18" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "18" of Plaintiff's Complaint.

19. Answering Defendants deny the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

20. Paragraph “20” of Plaintiff’s Complaint contains conclusions of law to which no responsive pleading is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph “18” of Plaintiff’s Complaint.

## III. FACTUAL BACKGROUND

### A. Conduct of the Defendants

21. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “21" of Plaintiff’s Complaint. Therefore, this allegation is denied.

22. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of Plaintiff’s Complaint. Therefore, this allegation is denied.

23. Answering Defendants deny the allegations set forth in Paragraph "23" of Plaintiff’s Complaint.

24. Answering Defendants deny the allegations set forth in Paragraph "24" of Plaintiff’s Complaint.

25. Answering Defendants deny the allegations set forth in Paragraph "25" of Plaintiff’s Complaint.

26. Answering Defendants deny the allegations set forth in Paragraph "26" of Plaintiff’s Complaint.

27. Answering Defendants deny the allegations set forth in Paragraph "27" of Plaintiff’s Complaint.

28. Answering Defendants deny the allegations set forth in Paragraph "28" of Plaintiff’s Complaint.

29. Answering Defendants deny the allegations set forth in Paragraph "29" of Plaintiff's Complaint.

30. Answering Defendants deny the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31. Paragraph "31" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32. Paragraph "32" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33. Paragraph "33" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34. Paragraph "34" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35. Answering Defendants deny the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36. Answering Defendants deny the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37. Answering Defendants deny the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38. Answering Defendants deny the allegations set forth in Paragraph "38" of

Plaintiff's Complaint.

39. Answering Defendants deny the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40. Answering Defendants deny the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41. Answering Defendants deny the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42. Answering Defendants deny the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43. Answering Defendants deny the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

44. Answering Defendants deny the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45. Answering Defendants deny the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46. Paragraph "46" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47. Answering Defendants deny the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48. Answering Defendants deny the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49. Answering Defendants deny the allegations set forth in Paragraph "49" of

Plaintiff's Complaint.

50. Paragraph "50" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51. Answering Defendants deny the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52. Paragraph "52" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

**B. Injuries to Alvetta Webb at the Facility**

53. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of Plaintiff's Complaint. Therefore, this allegation is denied.

54. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of Plaintiff's Complaint. Therefore, this allegation is denied.

55. Answering Defendants deny the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56. Answering Defendants deny the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

57. Paragraph "57" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "57" of Plaintiff's Complaint.

58. Paragraph "58" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

59. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of Plaintiff's Complaint. Therefore, this allegation is denied.

60. Answering Defendants deny the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "61" of Plaintiff's Complaint. Therefore, this allegation is denied.

62. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of Plaintiff's Complaint. Therefore, this allegation is denied.

63. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "63" of Plaintiff's Complaint. Therefore, this allegation is denied.

64. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "64" of Plaintiff's Complaint. Therefore, this allegation is denied.

65. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of Plaintiff's Complaint. Therefore, this allegation is denied.

66. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "66" of Plaintiff's Complaint. Therefore, this allegation is denied.

67. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "67" of Plaintiff's Complaint. Therefore, this allegation is denied.

68. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "68" of Plaintiff's Complaint. Therefore, this allegation is denied.

69. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "69" of Plaintiff's Complaint. Therefore, this allegation is denied.

70. Answering Defendants deny the allegations set forth in Paragraph "70" of Plaintiff's Complaint.

71. Paragraph "71" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

## COUNT ONE: NEGLIGENCE

72. Answering Defendants repeat and reallege their responses to the preceding paragraphs of the Complaint as if set forth fully herein.

73. Paragraph "73" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74. Paragraph "74" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "74" of Plaintiff's Complaint.

75. Paragraph "75" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76. Paragraph "76" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

77. Paragraph "77" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "77" of Plaintiff's Complaint.

78. Paragraph "78" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "78" of Plaintiff's Complaint.

79. Paragraph "79" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "79" of Plaintiff's Complaint.

80. (a-n). Paragraph "80" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

81. Paragraph "81" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the

allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82. Answering Defendants deny the allegations set forth in Paragraph "82" of Plaintiff's Complaint.

83. Answering Defendants deny the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

84. Paragraph "84" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "84" of Plaintiff's Complaint.

85. Paragraph "85" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

86. Paragraph "86" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

87. (a-aa). Paragraph "87" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "87" of Plaintiff's Complaint.

88. Answering Defendants deny the allegations set forth in Paragraph "88" of Plaintiff's Complaint.

89. Answering Defendants deny the allegations set forth in Paragraph "89" of Plaintiff's Complaint.

90. Paragraph "90" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the

allegations set forth in Paragraph "90" of Plaintiff's Complaint.

91. Answering Defendants deny the allegations set forth in Paragraph "91" of Plaintiff's Complaint.

92. Paragraph "92" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "92" of Plaintiff's Complaint. Answering Defendants

93. Paragraph "93" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "93" of Plaintiff's Complaint. Answering Defendants

94. Paragraph "94" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "94" of Plaintiff's Complaint.

95. Paragraph "95" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "95" of Plaintiff's Complaint.

96. (a). Paragraph "96" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "96" of Plaintiff's Complaint.

97. Paragraph "97" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "97" of Plaintiff's Complaint.

98. Paragraph "98" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the

allegations set forth in Paragraph "98" of Plaintiff's Complaint.

99. Paragraph "99" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "99" of Plaintiff's Complaint.

100. Paragraph "100" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "100" of Plaintiff's Complaint.

101. Paragraph "101" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "101" of Plaintiff's Complaint.

102. Paragraph "102" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "102" of Plaintiff's Complaint.

103. Paragraph "103" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "103" of Plaintiff's Complaint.

104. Paragraph "104" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "104" of Plaintiff's Complaint.

**COUNT TWO: SURVIVAL STATUTE**

105. Answering Defendants repeat and reallege their responses to the preceding paragraphs as if set forth fully herein, in response to Paragraph "105" of the Plaintiff's Complaint.

106. Paragraph "106" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "106" of Plaintiff's Complaint.

107. Paragraph "107" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "107" of Plaintiff's Complaint. Therefore, this allegation is denied.

108. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "108" of Plaintiff's Complaint. Therefore, this allegation is denied.

109. Paragraph "109" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "109" of Plaintiff's Complaint.

110. Paragraph "110" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "110" of Plaintiff's Complaint.

111. Paragraph "111" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "111" of Plaintiff's Complaint.

112. Paragraph "112" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

113. Paragraph "113" of the Complaint contains conclusions of law to which no response

is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph “113" of Plaintiff’s Complaint.

**COUNT THREE: WRONGFUL DEATH**

114. Answering Defendants repeat and reallege their responses to the preceding paragraphs of the Complaint, as if set forth fully herein in response to Paragraph “114” of Plaintiff’s Complaint.

115. Paragraph "115" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph "115" of Plaintiff’s Complaint. Therefore, this allegation is denied.

116. Paragraph "116" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "116" of Plaintiff’s Complaint. Therefore, this allegation is denied.

117. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "117" of Plaintiff’s Complaint. Therefore, this allegation is denied.

118. Paragraph "118" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "118" of Plaintiff’s Complaint. Therefore, this allegation is denied.

119. Paragraph "119" of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Answering Defendants deny knowledge

or information sufficient to form a belief as \to the truth of the allegations set forth in Paragraph "119" of Plaintiff's Complaint. Therefore, this allegation is denied.

## AS TO "JURY TRIAL DEMAND"

120. Plaintiff makes a demand for a trial by jury to which no responsive pleading is required.

## AS TO "PRAYER FOR RELIEF"

121. The "WHEREFORE" clauses following Paragraphs "104," "113," and "119" of the Complaint sets forth Plaintiff's prayer for relief to which no responsive pleading is required. However, to the extent a responsive pleading is required, Answering Defendants deny that Plaintiff is entitled to any relief whatsoever either individually or on behalf of others.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, Answering Defendants assert the following affirmative and other defenses. In asserting these defenses, Answering Defendants are providing notice to Plaintiffs of the defenses they intend to raise, and they do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove. Further, in asserting these defenses, Answering Defendants in no way admit or imply in any way that they or their successors in interest are or were a "manager," "operator," "owner," "single enterprise," "single entity," "joint venturer," "alter ego," or "collective business organization" of or with the non-Answering Defendants (individually and/or collectively) at any time and the assertion of such affirmative and other defenses does not indicate or imply knowledge of information and/or the possession of documentation to which Answering Defendants have otherwise denied knowledge of information as set forth

herein. Answering Defendants reserve the right to amend their Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery.

**AS AND FOR ANSWERING DEFENDANTS' FIRST DEFENSE**

122. Answering Defendants are not proper parties to this action as they are not healthcare providers, did not provide any care or treatment to the Resident, nor are they licensee of the facility.

**AS AND FOR ANSWERING DEFENDANTS' SECOND DEFENSE**

123. Plaintiff has not included the dates of the residency in the Complaint; therefore, Answering Defendants are unable to determine whether Ms. Webb's residency occurred and as such, Answering Defendants cannot confirm or deny if any of these Answering Defendants had any sort of agreement with the facility during the subject residency.

**AS AND FOR ANSWERING DEFENDANTS' THIRD DEFENSE**

124. The injuries and/or damages alleged to have been sustained by the plaintiff were not proximately caused by Answering Defendants.

**AS AND FOR ANSWERING DEFENDANTS' FOURTH DEFENSE**

125. Answering Defendants breached no duty to the Plaintiff.

**AS AND FOR ANSWERING DEFENDANTS' FIFTH DEFENSE**

126. Answering Defendants incorporate by reference as though fully set forth at length herein all benefits and protection of the Pennsylvania Medical Care Availability and Reduction of Error or (MCARE) Act.

**AS AND FOR ANSWERING DEFENDANTS' SIXTH DEFENSE**

127. Plaintiff's claims are barred or limited by the applicable provisions of the Medical Care Availability and Reduction of Error (MCARE) Act.

**AS AND FOR ANSWERING DEFENDANTS' SEVENTH DEFENSE**

128. The applicable sections of MCARE set forth in section 508(a) of MCARE concerning collateral source and preclusion of recovery for paid and past medical bills are applicable to the medical negligence action.

**AS AND FOR ANSWERING DEFENDANTS' EIGHT DEFENSE**

129. The applicable provisions of MCARE set forth in section 509(b)( 1) concerning future damages for medical and other related expenses are applicable to the medical negligence action.

**AS AND FOR ANSWERING DEFENDANTS' NINTH DEFENSE**

130. The provisions of MCARE set forth in section 510 regarding reduction to present value are applicable to the medical negligence action.

**AS AND FOR ANSWERING DEFENDANTS' TENTH DEFENSE**

131. The provisions of MCARE and specifically section 512 regarding expert qualifications are applicable to the medical negligence action.

**AS AND FOR ANSWERING DEFENDANTS' ELEVENTH DEFENSE**

132. The provisions of MCARE and specifically Section 512 regarding ostensible agency are applicable to the medical negligence action.

**AS AND FOR ANSWERING DEFENDANTS' TWELFTH DEFENSE**

133. Plaintiff has failed to state a claim for fraudulent documentation.

**AS AND FOR ANSWERING DEFENDANTS' THIRTEENTH DEFENSE**

134. Plaintiff fails to set forth a legally sufficient cause of action for punitive damages.

**AS AND FOR ANSWERING DEFENDANTS' FOURTEENTH DEFENSE**

135. Answering Defendants did not breach any duties or obligations owed to the resident.

**AS AND FOR ANSWERING DEFENDANTS' FIFTEENTH DEFENSE**

136. 18 Pa. C.S.A. § 2713 does not provide for a private cause of action.

**AS AND FOR ANSWERING DEFENDANTS' SIXTEENTH DEFENSE**

137. 35 P.S. §l0225.101 et seq., the Older Adults Protective Services Act does not provide for a private cause of action.

**AS AND FOR ANSWERING DEFENDANTS' SEVENTEENTH DEFENSE**

138. Answering Defendants did not act recklessly or in a grossly negligent manner.

**AS AND FOR ANSWERING DEFENDANTS' EIGHTEENTH DEFENSE**

139. Answering Defendants did not engage in outrageous behavior due to evil motive or reckless indifference.

**AS AND FOR ANSWERING DEFENDANTS' NINETEENTH DEFENSE**

140. Answering Defendants complied with all applicable laws and regulations.

**AS AND FOR ANSWERING DEFENDANTS' TWENTIETH DEFENSE**

141. Plaintiff's claims for medical expenses are limited by the amount accepted in satisfaction of the medical bills. Morehead v. Crozer, 765 A.2d 786 (Pa. 2001).

**AS AND FOR ANSWERING DEFENDANTS' TWENTY-FIRST DEFENSE**

142. The nature, origin, causation, amount, and the extent of Plaintiff's injuries, damages, and losses claimed are at issue and Answering Defendants require and demand proof of same as required by law.

**AS AND FOR ANSWERING DEFENDANTS' TWENTY-SECOND DEFENSE**

143. The incidents alleged in the Complaint are not the result of any negligent conduct by Answering Defendants.

**AS AND FOR ANSWERING DEFENDANTS' TWENTY-THIRD DEFENSE**

144. Answering Defendants are not responsible for persons, events, or circumstances or conditions reasonably beyond their control.

**AS AND FOR ANSWERING DEFENDANTS' TWENTY-FOURTH DEFENSE**

145. No acts or omissions of Answering Defendants, their agents, servants, employees, or workmen, was a substantial fact or proximate cause of any injuries to Plaintiff.

**AS AND FOR ANSWERING DEFENDANTS' TWENTY-FIFTH DEFENSE**

146. Plaintiff has failed to plead sufficient facts to establish a cause of action against these Defendants.

WHEREFORE, Answering Defendants respectfully request the Court to:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice;
2. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;
3. Award Answering Defendants the reasonable attorneys' fees and costs Answering Defendants incur in defending this action; and
4. Grant Answering Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THE LAW OFFICE OF**
**JONATHAN D. LEVITAN, LLC**

By: */s/ Jonathan D. Levitan*
Jonathan D. Levitan, Esquire
Pennsylvania Attorney ID No. 53098
430 Williams Road
Wynnewood, PA 19096
Phone: (484) 413-2935
Jonathan@jdlevitanlaw.com

*Attorney for Defendants,*
*Platinum Healthcare Group, LLC, Apex Global Solutions, LLC, Apex Healthcare Partners, LLC, Platinum PA Holdings, LLC, Mark Stern, and Nathan Stern*

Dated: January 10, 2023

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS, LLC; PRESTIGE HEALTHCARE A.S., LLC; MARK STERN; JACOB KARMEL and NATHAN STERN,<br><br>Defendants. | Case No. 2:22-cv-02939<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I, the undersigned, attorney for Defendants, Platinum Healthcare Group, LLC, Apex Global Solutions LLC, Apex Healthcare Partners LLC, Platinum PA Holdings, LLC, Mark Stern, and Nathan Stern attest and certify that a true and correct copy of the foregoing *Answer to Plaintiff's Complaint and Affirmative Defenses* was served pursuant to the Rules of Civil Procedure via ECF and/or first-class U.S. Mail in the following manner on the date set forth below:

Mathew T. Stone, Esquire
Murray, Stone & Wilson, PLLC
One Belmont Avenue, Suite 310
Bala Cynwyd, PA 19004
wmurray@mswlawgroup.com
mstone@mswlawgroup.com
*Attorney for Plaintiff*

Peter A. Callahan
Burns White LLC
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428
pacallahan@burnswhite.com
*Attorney for Defendants,*
*Platinum Health at Westgate, LLC, d/b/a Westgate Hills Rehabilitation and Nursing Center; Vintage Healthcare, PHWH Holdings, and Prestige Healthcare*

Dated: January 10, 2023

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

By: */s/ Jonathan D. Levitan*
Jonathan D. Levitan, Esquire