# EXHIBIT "A"



Murray, Stone & Wilson, PLLC
One Belmont Avenue
Suite 310
Bala Cynwyd, PA 19004
(215) 947-5300

January 4, 2023

**Via Email: pacallahan@burnswhite.com**
Peter A. Callahan, Esquire
BURNS WHITE LLC
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428

Re:     **Webb vs. Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare et al.**
United States District Court for the Eastern District of Pennsylvania
Civil Case No. 22-2939-KSM

Dear Counsel,

Attached please find Plaintiff's initial discovery requests directed to your clients in the above matter, as follows:

1. Plaintiff's Interrogatories (Set I) propounded upon Platinum Health Defendants;
2. Plaintiff's Requests for Production of Documents (Set I) propounded upon Platinum Health Defendants; and
3. Plaintiff's Request for Production of Documents (Set II) propounded upon Platinum Health Defendants

Please provide verified responses within the timeframes set forth in the Pennsylvania Rules of Civil Procedure.

Thank you for your attention to this matter.

Sincerely,

**MURRAY, STONE & WILSON, PLLC**

_/s/ Matthew T. Stone_
Matthew T. Stone, Esquire
mstone@mswlawgroup.com

MTS/jh
Enclosures

**MURRAY, STONE & WILSON, PLLC**
Matthew T. Stone, Esquire
Attorney Identification No. 206409
One Belmont Avenue, Suite 310
Bala Cynwyd, Pennsylvania 19004
Phone: (215) 947-5300
Email: mstone@mswlawgroup.com

THIS IS NOT AN ABRITRATION
CASE.  ASSESSMENT OF DAMAGES
IS REQUIRED; JURY TRIAL DEMANDED.

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased<br><br>Plaintiff,<br><br>-vs-<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS LLC; PRESTIGE HEALTHCARE A.S. LLC; MARK STERN; JACOB KARMEL; and NATHAN STERN<br><br>Defendants. | Civil No. 22-2939-KSM |

---

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I) PROPOUNDED UPON PLATINUM HEALTH DEFENDANTS

Plaintiff, by and through counsel, Murray, Stone & Wilson, PLLC, propounds the following Requests for Production of Documents (Set I) upon Defendants Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare, (collectively, Platinum Health Defendants" or "Defendants"), to be answered under oath within thirty (30) days, as follows:

1. **"You or Your."** The terms "you" and "your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. **"Person."** The term "person" is defined as any natural person and/or any corporation, partnership, joint venture, firm, business, legal or governmental entity or association and means both singular and plural.

3. **"Identify."** When referring to documents, "identify" means to give, to the extent known, (a) type of document; (b) general subject matter; (c) date of the document; (d) author(s), addressee(s), all recipient(s), title and filing or identifying number; and, (e) the present or last known location and custodian thereof.

4. **"Document."** The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. **"Email conversations and email strings."** As used herein, the phrase "email conversations and email strings" refers to a series of emails linked together by responses or forwards; the series of email messages created through multiple responses and answers to an originating message. This phrase is also commonly understood to refer to an "email thread." Comments, revisions, and attachments are all part of the email conversations and email strings requested herein. Any request herein for "emails" is deemed to request all email conversations, email strings, and email threads

6. **"Statement."** The term "statement" refers to a written statement, signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording, or a transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, and any other statement as defined by the Pennsylvania Rules of Civil Procedure.

7. **"Facility."** For purposes of these Interrogatories, "Facility" is defined as Westgate Hills Rehabilitation and Nursing Center located at 2050 Old West Chester Pike, Havertown, PA 19083.

8. **"Resident."** For purposes of these Interrogatories, "Resident" is defined as Alvetta Webb.

9. **"Residency."** For purposes of these Interrogatories, "Residency" is defined as the period during which time Alvetta Webb was a resident at Westgate Hills Rehabilitation and Nursing Center.

10. The words **"relates to," "relating to," "pertains to," or "pertaining to"** shall mean refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports,

corroborates, demonstrates, proves, memorializes, shows, refutes, disputes, rebuts, controverts or contradicts.

11. The singular shall include the plural and vice versa; the words **"and"** or **"or"** shall be both conjunctive and disjunctive; and the word **"including"** means "including without limitation."

## INSTRUCTIONS

1. If you object to fully answering a Request because of a privilege, you must provide a privilege log containing the following information pursuant to the Federal Rules of Civil Procedure:

(i) the nature of the privilege claimed;

(ii) if the privilege is being asserted in connection with a claim or defense governed by law, the privilege rule(s) being invoked;

(iii) the date of the document or oral communication;

(iv) if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee;

(v) if an oral communication: the place where it was made, the names of the persons present while it was made and, if not apparent, the relationship of the persons present to the declarant; and,

(vi) the subject matter of the document.

2. When identifying a document, you shall set forth the author or originator, addressee(s), date, title, and subject matter of the document and the present custodian of the original thereof or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian.

3. *In answering and responding to these Requests, please redact the names of any resident other than the Resident.*

## DEMAND FOR PRESERVATION

*Plaintiff hereby demands that all writings, documents, emails and other electronic information that is responsive to the requests herein be preserved, maintained, placed on a "litigation hold," and kept safe from loss or destruction until the final conclusion of this litigation.*

## REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I)

1. A bates-stamped black and white copy of the resident's complete original facility chart, including but not limited to the following:

a. admission and discharge documents;
b. nursing assessments;
c. care plans;
d. physician's notes and orders;
e. nursing notes;
f. skin audits;
g. pressure sore / skin integrity risk assessments;
h. wound tracking and assessment documents;
i. pain assessments;
j. fall risk assessments;
k. bowel and bladder assessments;
l. social service notes;
m. dietary and nutritional notes;
n. intake and output records;
o. therapy and rehabilitation notes, summaries, service logs and assessments;
p. diagnoses, including EKG, x-ray, laboratory studies, or other test results;
q. nurse aide flowsheets and/or records;
r. Activities of Daily Living (ADL) documents;
s. Treatment Administration Records (TAR);
t. Medication Administration Records (MAR);
u. Minimum Data Sets (MDS);
v. Resident Assessment Protocols (RAP);
w. DNR, advance directive, power-of-attorney, guardianship, living will, and any other consent documents;
x. any other miscellaneous assessments; and,
y. any other medical record regarding the resident that was either generated by or received by the facility before, during or after the residency.

2. All medical records pertaining to the resident in Defendants' or their counsel's possession, other than records produced by Plaintiff in this matter.

3. The reverse side and signature pages of all flowsheets, MARs, TARs, ADLs and other two-sided chart documents pertaining to the resident, to the extent not already provided.

4. An audit trail or other documentation of all times that the facility's electronic medical records on the resident have been accessed, including:
a. the name of the person accessing the records;
b. the date and time that each person accessed the records; and,
c. an indication of what functions were performed during each person's access (i.e., entering new charting, deleting charting, editing charting, printing charting, etc.).

5. All electronic charting or documentation that relates to the resident in any way, including but not limited to all entries in the facility's CareTracker, PointClickCare, or similar system.

6. All draft and/or deleted electronic chart entries regarding the resident, to the extent not already provided.

7. All records of the resident's prescribed narcotics being received, dispensed and/or destroyed.

8. All documents that reflect the names, job title, termination date (if applicable), and last known address of all former employees, of the nursing staff who worked in the facility during the residency.

9. All 24-hour reports (a/k/a shift change reports) that reference or relate to the resident in any way. (See, Instruction No. 3, above).

10. All incident and accident reports, including all attachments and related statements, which pertain to the resident.

11. All Event Reports submitted by the facility to the Pennsylvania Department of Health that pertain to the resident.

12. All incident and accident reports, including all attachments and related statements, that were generated by the facility during the residency and six months prior that relate to the following incidents, which are similar to the allegations in this case:
> a. Falls;
> b. Fall related injuries;
> c. Infection(s);
> d. Injuries of unknown origin; and
> e. resident abuse.

(See, Instruction No. 3, above).

13. All documents that reflect any investigations performed by state or federal agencies that pertain to the resident.

14. All surveyor's resident identifier lists that include the resident. (See, Instruction No. 3, above).

15. Color copies of all photos of the resident in Defendants' or their counsel's possession, other than any produced by Plaintiff in this matter.

16. All documents related to investigations performed by Defendants or their agents, relating to the resident, prior to the date Defendants were served with original process in this matter.

17. A complete copy of the facility's billing file(s) that pertains to the resident.

18. A complete copy of the facility's admission file(s) that pertains to the resident.

19. A complete copy of the facility's administrative file(s) that pertains to the resident.

20. A complete copy of all documents and correspondence exchanged by and between the facility and any non-party (i.e., hospital, physician, etc.) and which pertains to the admission of the

resident to the facility and/or evaluating whether the resident is appropriate for admission to the facility.

21. All insurance declaration pages from all insurance policies (including primary, excess, umbrella, MCARE, self-funded, and/or SIR policies or plans) that may provide coverage for this matter.

22. A complete copy of all insurance policies (including primary, excess, umbrella, MCARE, self-funded, and/or SIR policies or plans) that may provide coverage for this matter.

23. The budget(s) in place at the facility during each fiscal year during which any portion of the residency occurred.

24. All documents, charts, email conversations and/or email strings, and/or reports (i.e. budget fluctuation reports) that compare the facility's budgeted financial performance to its actual financial performance, pertaining in whole or in part to periods of time during which the residency occurred.

25. All contracts and/or agreements for management services that were in effect at the facility during the residency.

26. All contracts and/or agreements for home office services that were in effect at the facility during the residency.

27. All contracts for the provision of pharmacy services (both dispensing and consultative) to the facility and which were in effect during the residency.

28. All contracts for the provision of physical, occupational and/or speech therapy services at the facility and which were in effect during the residency.

29. All contracts that identify the employer(s) of the persons providing physical, occupational and/or speech therapy services at the facility during the residency.

30. All contracts in effect during the residency by and between the facility and any medical or nursing staffing company related to the provision of agency, PRN, and/or temporary CNAs or nurses to the facility.

31. The complete Medicare cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility, pertaining to all reporting periods during which any portion of the residency occurred.

32. The complete Medicare home office cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility and/or its home office, pertaining to all reporting periods during which any portion of the residency occurred.

33. The complete Medicaid cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility, pertaining to all reporting periods during which any portion of the residency occurred.

34. All correspondence, including any attachments thereto, by and between any defendant and/or the defendants' agents on the one hand, and the Pennsylvania Department of Health on the other hand, pertaining to:
    a. the facility's licensure;
    b. any change in the facility's ownership or corporate structure; and,
    c. the facility's survey performance, deficiencies, and/or plans of correction.


35. A floor plan reflecting how the facility appeared during the residency.

36. The policy and procedure manuals in effect at the facility during the residency relating to nursing services, social services, pharmacy services, the admission of new residents, and administrative operations.

37. All documents pertaining to all in-services held for members of the nursing department at the facility during the residency and one year prior, including:
    a. copies of the in-service presentations;
    b. sign-in sheets reflecting the names of those in attendance at the in-services; and,
    c. handouts provided to those in attendance at the in-services.


38. All training videos prepared by Defendants and/or third-parties on behalf of Defendants, which were used by Defendants to train their nursing staff members during the residency and one (1) year prior.

39. The job descriptions that were in effect at the facility during the residency for the following positions:
    a. Administrator/Executive Director;
    b. Director of Nursing/Nursing Services;
    c. Registered Nurse (RN);
    d. Licensed Practical Nurse (LPN);
    e. Certified Nursing Assistant (CNA);
    f. Medical Director;
    g. Director of Operations;
    h. Regional Vice President and/or Area Vice President; and,
    i. Regional/Corporate/Clinical Nurse Consultant.


40. The orientation and/or procedure manuals that were in effect at the facility during the residency and which were applicable to the following positions:
    a. Administrator/Executive Director;
    b. Director of Nursing/Nursing Services;
    c. Registered Nurse (RN);
    d. Licensed Practical Nurse (LPN);
    e. Certified Nursing Assistant (CNA);
    f. Medical Director;
    g. Director of Operations;
    h. Regional Vice President and/or Area Vice President; and,
    i. Regional/Corporate/Clinical Nurse Consultant.

41. The contract in effect by and between the Defendants and the facility's Medical Director during the residency.

42. The provider agreement between the facility and:
a. The Commonwealth of Pennsylvania; and,
b. The Centers for Medicare and Medicaid Services (CMS).

43. All reports, memoranda, visit reports, and/or emails generated by any nursing consultant, a/k/a Regional/Corporate/Clinical Nurse Consultant, pertaining to evaluations of the facility's staff and/or the facility's provision of care that relate to the residency and six months prior.

44. All resident council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above).

45. All family council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above).

46. The reports used at the facility to document daily census and staffing PPD during the residency and one (1) year prior.

47. The reports used at the facility to track budgeted/expected PPD vs. actual PPD during the residency and one (1) year prior.

48. The reports used at the facility track budgeted/expected census vs. actual census during the residency and one (1) year prior.

49. The reports used at the facility to track the acuity of the resident population during the residency and one (1) year prior.

50. The facility's nursing staff schedules and sign-in sheets pertaining to the days and shifts of the residency.

51. The CNA assignment sheets evidencing which CNAs were assigned to the resident during the residency. (See Instruction No. 3, above).

52. For the facility's Regional Vice President, Area Vice President, Regional/District Director of Operations, Regional/Corporate/Clinical Nurse Consultant, Administrator, Executive Director, and Director of Nursing who served in those roles at any time during the residency:
a. the most recent resume or CV in the individual's or Defendants' possession;
b. employment application(s);
c. all performance evaluations;
d. all disciplinary actions;
e. all termination and/or resignation letters;
f. all written complaints by or about such individuals
g. all separation agreements and/or similar agreements; and,
h. all exit interview documents.

53. For the members of the nursing staff who provided care to the resident during the residency:
    a. all employment application(s);
    b. all performance evaluations;
    c. all disciplinary actions;
    d. all termination and/or resignation letters;
    e. all written complaints by or about such individuals;
    f. All separation agreements and/or similar agreements; and
    g. all exit interview documents.

54. For the members of the nursing staff who worked at the facility during the residency:
    a. employment application(s);
    b. all performance evaluations;
    c. all disciplinary actions;
    d. all termination and/or resignation letters;
    e. all written complaints by or about such individuals;
    f. all separation agreements and/or similar agreements; and
    g. all exit interview documents.

55. The results of all mock surveys performed at the facility during the residency and six months prior.

56. All correspondence, comment cards, surveys and/or complaints in Defendants' possession that were authored by and/or filled out by the resident or any family member or representative of the resident.

57. The results of all surveys of residents and/or the residents' families regarding the services provided by the facility (i.e. customer satisfaction surveys), limited to surveys performed during the residency and one year prior.

58. All call light audits and other documentation of the response times for call lights at the Facility during the residency and six months prior.

59. All documentation of calls to the Defendants' complaint hotline and investigations into such calls, as well as any written complaints or grievances received by the Defendants during the residency and six months prior, pertaining to:
    a. the facility's staffing levels;
    b. call light response times and/or lack of response; and,
    c. the resident.

60. All licenses (including any provisional licenses) to operate that were in effect at the Facility during the residency.

61. The meeting minutes for the board of directors of each Defendant, limited to meetings that occurred during the residency and one year prior.

62. The meeting minutes for the members, managers, partners, chief executives and/or directors of each Defendant, limited to meetings that occurred during the residency and one year prior.

63. The bonus program/criteria in effect for Defendants' officers, directors and employees during the residency.

64. All separation agreements by and between any of the Defendants and:
a. Any of the resident's caregivers at the facility;
b. The facility's Administrator(s) during the residency;
c. The facility's Director of Nursing(s) during the residency;
d. The Regional Director(s) of Operations whose territory included the facility during the residency;
e. The Regional/Corporate/Clinical Nurse Consultant(s) whose territory included the facility during the residency; and
f. Any other individual identified as a witness in this matter or who Defendants reasonably suspect may be called to testify in this matter.

65. All contracts, agreements or other writings containing anti-disparagement provisions, and/or non-disclosure clauses or language, by and between any of the Defendants and:
a. Any of the resident's caregivers at the facility;
b. The facility's Administrator(s) during the residency;
c. The facility's Director of Nursing(s) during the residency;
d. The Regional Director(s) of Operations whose territory included the facility during the residency;
e. The Regional/Corporate/Clinical Nurse Consultant(s) whose territory included the facility during the residency; and
f. Any other individual identified as a witness in this matter or who Defendants reasonably suspect may be called to testify in this matter.

66. All Complaints filed in any litigation and/or administrative proceedings by and between any of the Defendants and:
a. Any of the resident's caregivers at the facility;
b. The facility's Administrator(s) during the residency;
c. The facility's Director of Nursing(s) during the residency;
d. The Regional Director(s) of Operations whose territory included the facility during the residency;
e. The Regional/Corporate/Clinical Nurse Consultant(s) whose territory included the facility during the residency; and
f. Any other individual identified as a witness in this matter or who Defendants reasonably suspect may be called to testify in this matter.

67. All lease, master lease and sublease agreements that relate in any way to the facility and which were in effect during the residency.

68. All loan agreements that relate in any way to the facility and which were in effect during the residency.

69. All agreements and contracts pursuant to which the facility's accounts receivable and/or revenue were pledged during the residency.

70. A complete copy of all leases, mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency and pursuant to which any of the following information was reported, either individually or in the aggregate, to any non-Defendant entities:
 a. The facility's financial performance;
 b. The facility's survey performance; and,
 c. The facility's residents' clinical condition.

71. A complete copy of all documents and data submitted by or on behalf of the Defendants to all landlords, mortgagees, and/or lenders, limited to documents and data submitted during the residency, one year prior to the residency, and six months after the residency, and further limited to those documents and data that pertain to and/or report on (1) the facility individually, and/or (2) any grouping of facilities of which the facility herein was a part.

72. All Form-10K, Form-10Q, Form 14-A, and Form-8K documents that have been filed by or on behalf of any Defendant with the Securities and Exchange Commission, limited to

documents filed during the residency, one year prior to the residency and six months after the residency.

73. All statements Defendants or their counsel have received from any of Defendants' former or current employees regarding this matter.

74. All letters and/or emails, including all attachments and enclosures, sent by Defendants to any former or current employee regarding the resident and/or this matter.

75. All letters and/or emails, including all attachments and enclosures, sent by Defendants' counsel to any of Defendants' former employees regarding the resident and/or this matter.

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*

Date:  January 4, 2023            By:____/s/ *Matthew T. Stone*_____
                                          Matthew T. Stone, Esquire

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

*Plaintiff's Production of Documents (Set I) Propounded Upon Platinum Health Defendants* was

served on counsel for defendants as follows:

Peter A. Callahan, Esquire
**BURNS WHITE LLC**
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428
*Attorney for Defendants Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation*
*and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare*

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*

Date: January 4, 2023          By: /s/ Matthew T. Stone
                                       Matthew T. Stone, Esquire

**MURRAY, STONE & WILSON, PLLC**
Matthew T. Stone, Esquire
Attorney Identification No. 206409
One Belmont Avenue, Suite 310
Bala Cynwyd, Pennsylvania 19004
Phone: (215) 947-5300
Email: mstone@mswlawgroup.com

THIS IS NOT AN ABRITRATION
CASE. ASSESSMENT OF DAMAGES
IS REQUIRED; JURY TRIAL DEMANDED.

*Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased | Civil No. 22-2939-KSM |
| Plaintiff, | |
| -vs- | |
| PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS LLC; PRESTIGE HEALTHCARE A.S. LLC; MARK STERN; JACOB KARMEL; and NATHAN STERN | |
| Defendants. | |

---

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET II) PROPOUNDED UPON PLATINUM HEALTH DEFENDANTS

Plaintiff, by and through counsel, Murray, Stone & Wilson, PLLC, propounds the following Requests for Production of Documents (Set II) upon Defendants Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare, (collectively, Platinum Health Defendants" or "Defendants"), to be answered under oath within thirty (30) days, as follows:

1. **_"You or Your."_** The terms "you" and "your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. **_"Person."_** The term "person" is defined as any natural person and/or any corporation, partnership, joint venture, firm, business, legal or governmental entity or association and means both singular and plural.

3. **_"Identify."_** When referring to documents, "identify" means to give, to the extent known, (a) type of document; (b) general subject matter; (c) date of the document; (d) author(s), addressee(s), all recipient(s), title and filing or identifying number; and, (e) the present or last known location and custodian thereof.

4. **_"Document."_** The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. **_"Email conversations and email strings."_** As used herein, the phrase "email conversations and email strings" refers to a series of emails linked together by responses or forwards; the series of email messages created through multiple responses and answers to an originating message. This phrase is also commonly understood to refer to an "email thread." Comments, revisions, and attachments are all part of the email conversations and email strings requested herein. Any request herein for "emails" is deemed to request all email conversations, email strings, and email threads

6. **_"Statement."_** The term "statement" refers to a written statement, signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording, or a transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, and any other statement as defined by the Pennsylvania Rules of Civil Procedure.

7. **_"Facility."_** For purposes of these Interrogatories, "Facility" is defined as Westgate Hills Rehabilitation and Nursing Center located at 2050 Old West Chester Pike, Havertown, PA 19083.

8. **_"Resident."_** For purposes of these Interrogatories, "Resident" is defined as Alvetta Webb.

9. **_"Residency."_** For purposes of these Interrogatories, "Residency" is defined as the period during which time Alvetta Webb was a resident at Westgate Hills Rehabilitation and Nursing Center.

10. The words **"relates to," "relating to," "pertains to," or "pertaining to"** shall mean refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports,

corroborates, demonstrates, proves, memorializes, shows, refutes, disputes, rebuts, controverts or contradicts.

11. The singular shall include the plural and vice versa; the words **"and"** or **"or"** shall be both conjunctive and disjunctive; and the word **"including"** means "including without limitation."

## INSTRUCTIONS

1. If you object to fully answering a Request because of a privilege, you must provide a privilege log containing the following information pursuant to the Federal Rules of Civil Procedure:

(i) the nature of the privilege claimed;

(ii) if the privilege is being asserted in connection with a claim or defense governed by law, the privilege rule(s) being invoked;

(iii) the date of the document or oral communication;

(iv) if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee;

(v) if an oral communication: the place where it was made, the names of the persons present while it was made and, if not apparent, the relationship of the persons present to the declarant; and,

(vi) the subject matter of the document.

2. When identifying a document, you shall set forth the author or originator, addressee(s), date, title, and subject matter of the document and the present custodian of the original thereof or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian.

3. *In answering and responding to these Requests, please redact the names of any resident other than the Resident.*

## DEMAND FOR PRESERVATION

*Plaintiff hereby demands that all writings, documents, emails and other electronic information that is responsive to the requests herein be preserved, maintained, placed on a "litigation hold," and kept safe from loss or destruction until the final conclusion of this litigation.*

## REQUESTS FOR PRODUCTION OF DOCUMENTS (SET II)

1. All emails, email conversations and email strings that pertain to the resident and which were authored and/or received by Defendants' employees and agents, excluding communications between Defendants and their counsel.

2. All emails, email conversations and email strings that were authored and/or received by the facility's Regional Director of Operations, Regional/Corporate/Clinical Nurse Consultant, Administrator/Executive Director and Director of Nursing/Nursing Services, limited to emails written during the residency and one year prior, which contain the following search terms including any and all derivatives thereof:

- Staff;
- Labor;
- Hours;
- Overtime/OT;
- Missed Punch;
- Late Punch;
- PPD;
- HPPD;
- Budget;
- Census;
- Costs;
- RUG/Resource Utilization Group;
- Case Mix/CMI;
- Payer Mix;
- Expenses;
- RTH/Return to Hospital;
- Discharge/D/C;
- Transfer;
- Bell;
- Light/Call Light;
- Survey;
- Deficiency;
- Rehospitalization;
- Fall(s);
- Fracture(s);
- Head injuries
- Hematoma(s);
- Intracranial hemorrhage
- Infection; and
- Webb

3. A copy of the resume or CV of all persons involved in any way in the search for emails responsive to Plaintiff's Request for Production of Documents (Set II)

4. An audit trail or other documentation detailing with specificity the methodology utilized by Defendants and their representatives to locate emails responsive to Plaintiff's Request for Production of Documents (Set II), including but not limited to the total number of emails located for

each search term set forth in Request No. 2 and the de-duplicated numbers for each search term.

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*


Date:  January 4, 2023                    By:___/s/ *Matthew T. Stone*_____
                                                    Matthew T. Stone, Esquire

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

*Plaintiff's Production of Documents (Set II) Propounded Upon Platinum Health Defendants* was

served on counsel for defendants as follows:

Peter A. Callahan, Esquire
**BURNS WHITE LLC**
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428
*Attorney for Defendants Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation
and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare*

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*

Date: January 4, 2023

By:    */s/ Matthew T. Stone*
Matthew T. Stone, Esquire

**MURRAY, STONE & WILSON, PLLC**
Matthew T. Stone, Esquire
Attorney Identification No. 206409
One Belmont Avenue, Suite 310
Bala Cynwyd, Pennsylvania 19004
Phone: (215) 947-5300
Email: mstone@mswlawgroup.com

THIS IS NOT AN ABRITRATION
CASE. ASSESSMENT OF DAMAGES
IS REQUIRED; JURY TRIAL DEMANDED.

*Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased<br><br>     Plaintiff,<br><br>     -vs-<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; PHWH HOLDINGS LLC; PRESTIGE HEALTHCARE A.S. LLC; MARK STERN; JACOB KARMEL; and NATHAN STERN<br><br>     Defendants. | Civil No. 22-2939-KSM |

---

### PLAINTIFF'S INTERROGATORIES (SET I)
### PROPOUNDED UPON PLATINUM HEALTH DEFENDANTS

Plaintiff, by and through counsel, Murray, Stone & Wilson, PLLC, propounds the following Interrogatories (Set I) upon Defendants Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare, (collectively, Platinum Health Defendants" or "Defendants"), to be answered under oath within thirty (30) days, as follows:

1.     ***"You or Your."*** The terms "you" and "your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.     ***"Person."*** The term "person" is defined as any natural person and/or any corporation, partnership, joint venture, firm, business, legal or governmental entity or association and means both singular and plural.

3.     ***"Identify."*** When referring to a person, "identify" means to give, to the extent known, (1) person's full name; (2) present or last known address; (3) present or last known telephone number; (4) occupation or business and position; (5) the present or last known place of employment; and (6) when referring to a corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, "to identify" means to give, to the extent known, the full name and address of all entities and a brief description of the primary business in which such entity is engaged.  With respect to any particular entity, the information other than the full name need be given only once.

When referring to documents, "identify" means to give, to the extent known, (a) type of document; (b) general subject matter; (c) date of the document; (d) author(s), addressee(s), all recipient(s), title and filing or identifying number; and (e) the present or last known location and custodian thereof.

4.     ***"Document."*** The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5.     ***"Statement."*** The term "statement" refers to a written statement, signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording, or a transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, and any other statement as defined by the Pennsylvania Rules of Civil Procedure.

6.     ***"Facility."*** For purposes of these Interrogatories, "Facility" is defined as Westgate Hills Rehabilitation and Nursing Center located at 2050 Old West Chester Pike, Havertown, PA 19083.

7.     ***"Resident."*** For purposes of these Interrogatories, "Resident" is defined as Alvetta Webb.

8.     ***"Residency."*** For purposes of these Interrogatories, "Residency" is defined as the period during which time Alvetta Webb was a resident at Westgate Hills Rehabilitation and Nursing Center.

9.     The words **"relates to," "relating to," "pertains to," or "pertaining to"** shall mean refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, memorializes, shows, refutes, disputes, rebuts, controverts or contradicts.

10.    The singular shall include the plural and vice versa; the words **"and"** or **"or"** shall be both conjunctive and disjunctive; and the word **"including"** means "including without limitation."

## <u>INSTRUCTIONS</u>

1.     If you object to fully answering an interrogatory because of a privilege, you must provide a privilege log containing the following information pursuant to the Federal Rules of Civil Procedure:

     (i)     the nature of the privilege claimed;

     (ii)    if the privilege is being asserted in connection with a claim or defense governed by law, the privilege rule(s) being invoked;

     (iii)   the date of the document or oral communication;

     (iv)    if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee;

     (v)     if an oral communication: the place where it was made, the names of the persons present while it was made and, if not apparent, the relationship of the persons present to the declarant; and,

     (vi)    the subject matter of the document.

2.     When identifying an individual, corporation or other entity, you shall set forth the name, present or last known address and telephone number and, if a corporation or other entity, its principal place of business, or if an individual, his or her title or titles and by whom employed.

3.     When identifying a document, you shall set forth the author or originator, addressee(s), date, title, and subject matter of the document and the present custodian of the original thereof or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian.

4.     *In answering and responding to these requests, please redact the names of any resident other than the Resident.*

## INTERROGATORIES (SET I)

1. State the name, address, job title and employer of each person who contributed in any way to gathering the information upon which the answers to these Interrogatories are based.

**ANSWER:**

2. Do you or your agents have access to computerized records that indicate the names, job title, and termination date (if applicable) of the nursing staff who worked in the facility during the residency?

**ANSWER:**

3. State the name, address, employer and job title of each person whom you know or reasonably suspect has any information or knowledge regarding this litigation and the allegations within Plaintiff's Complaint.

**ANSWER:**

4. State the name, address, employer and job title of each person whom you may call as a witness in this case, as well as the subject matter about which each such person is expected to testify.

**ANSWER:**

5. State the name and job title of every current employee of the Defendants whom Defendants will call or reasonably expect to call as a witness at the trial of this matter.

**ANSWER:**

6. Identify each person you may call as an expert witness at the trial of this case.

**ANSWER:**

7. Do you contend that the resident, or a family member or representative of the resident, have made any admissions pertaining to the injuries referenced and the claims raised in Plaintiff's Complaint?  If yes, please fully describe the substance and circumstances of each such admission.

**ANSWER:**

8. Do you contend that the resident was negligent, comparatively negligent, or was at fault either in whole or in part for the injuries referenced and the claims raised in Plaintiff's Complaint? If yes, please fully describe every act and/or omission of the resident that you contend constituted negligence or fault for such injuries and claims.

**ANSWER:**


9. Do you contend that you are not liable to the resident for the injuries referenced and the claims raised in Plaintiff's Complaint? If yes, fully describe all facts supporting this contention in this regard.

**ANSWER:**


10. Do you contend that either a co-defendant and/or a non-defendant third party bears any fault whatsoever for the injuries referenced and the claims raised in Plaintiff's Complaint? If so, identify all such co-defendants and/or non-defendant third parties and fully describe all facts supporting your contention in this regard.

**ANSWER:**


11. State the name of each individual and/or entity that managed the facility during the residency.

**ANSWER:**


12. State the name and address of each individual or entity that has had any ownership interest in the facility, whether such interest is direct or indirect, limited to the period of the start of the residency to present.

**ANSWER:**


13. State the name and address of each entity that was the facility's licensee during the residency.

**ANSWER:**


14. State the name of every employment and/or staffing agency utilized by the facility during the residency for the provision of nursing staff.

**ANSWER:**

15.     State the name, job title and current employment status of all individuals who, during the residency, were tasked with marketing the facility to local hospitals and other resident referral sources.

**ANSWER:**


16.     List and describe in detail each item of evidence you intend to offer at trial, whether for direct or cross examination or for the impeachment of potential witnesses.

**ANSWER:**


17.     State each date during the residency that the facility failed to have the minimum level of staff working in the facility, as required by the Commonwealth of Pennsylvania.

**ANSWER:**

18.     Identify every Administrator, Director of Nursing, and Assistant Director of Nursing employed at the facility during the residency.

**ANSWER:**


19.     What individual or group of individuals served as the facility Administrator's direct supervisor during the residency?

**ANSWER:**

20.     Identify the facility's Medical Director during the residency.

**ANSWER:**


21.     Did Defendants generate any Incident and Accident Reports (or other records of incident or unusual events) regarding the resident during the residency?  If yes, also state whether all such documents remain in Defendants' possession.

**ANSWER:**

22.     State the date of and fully describe the substance of all investigations performed by any government agency regarding the care provided by the facility to the resident, whether during or after the residency.

**ANSWER:**

23.     During the residency, describe any systems in place to receive and/or record complaints or comments by facility employees, residents, or the residents' families?

**ANSWER:**

24.     Are you aware of any care, service, or treatment provided to the resident at the facility that is <u>not</u> documented in the facility chart?

**ANSWER:**

25.      Identify any individual who served as the facility's regional/corporate nurse consultant and/or who provided consultative nursing services to the facility during the residency.

**ANSWER:**

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*


Date:  January 4, 2023                    By:___/s/ *Matthew T. Stone*_____
                                                    Matthew T. Stone, Esquire

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

*Plaintiff's Interrogatories (Set I) Propounded Upon Platinum Health Defendants* was served on

counsel for defendants as follows:

Peter A. Callahan, Esquire
**BURNS WHITE LLC**
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428
*Attorney for Defendants Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation*
*and Nursing Center, Vintage Healthcare, PHWH Holdings and Prestige Healthcare*

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*

Date:  January 4, 2023

By:     */s/ Matthew T. Stone*
        Matthew T. Stone, Esquire