**MURRAY, STONE & WILSON, PLLC**
Matthew T. Stone, Esquire
Attorney Identification No. 206409
100 Front Street, Suite 1230
Conshohocken, PA 19428
Phone: (215) 947-5300
Email: mstone@mswlawgroup.com

THIS IS NOT AN ABRITRATION CASE.  ASSESSMENT OF DAMAGES IS REQUIRED; JURY TRIAL DEMANDED.

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOYKIN, as Executor for the ESTATE OF ALVETTA WEBB, deceased<br><br>Plaintiff,<br><br>-vs-<br><br>PLATINUM HEALHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a, WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL; NATHAN STERN; MARK STERN; PRESTIGE HEALTHCARE A.S. LLC, and PHWH HOLDINGS, LLC<br><br>Defendants. | Civil Action No.  22-cv-2939-KSM |

### PLAINTIFF'S MOTION TO SETTLE

Plaintiff, Steven Boykin, as Executor for the Estate of Alvetta Webb, by and through his counsel, Murray, Stone & Wilson, PLLC, files the within Motion to Settle, and avers as follows:

1. This matter arises out of injuries suffered by Alvetta Webb during her residency at Defendants' skilled nursing facility commonly known as Westgate Hills Rehabilitation and Nursing Center (the "Facility").

2. During her residency, Ms. Webb suffered numerous preventable injuries, which included a catastrophic fall resulting in significant bleeding of the brain and death.

3. Per the Last Will and Testament of Alvetta Webb, Steven Boykin was named Executor of the Estate of Alvetta Webb.[1]  Ms. Webb left the entirety of her estate to her two sons: Steven Boykin and Gregory Boykin.

4. On June 7, 2021, Steven Boykin was granted Letters of Administration of the Estate of Alvetta Webb by the Philadelphia County Register of Wills.[2]

5. Movant engaged the services of Murray, Stone & Wilson, PLLC ("Counsel") to pursue a civil action regarding the circumstances surrounding the injuries and death of his mother on September 8, 2020.[3]

6. A medical professional liability action was filed in the United States District Court for the Eastern District of Pennsylvania on July 27, 2022, against all named Defendants.[4]

7. On 2023, the parties reached a settlement. All Defendants contested and denied any liability and causation in the case.

HEIRS AND CLAIMS

8. Pursuant to 42 Pa.C.S. §8301(b), the following persons are entitled to share in the proceeds of the **wrongful death claim**: Plaintiff / Movant Steven Boykin (son) and Gregroy Boykin (son).

SETTLEMENT

9. Movant has reached agreement with Defendants to settle the claims against them in the action, subject to this court's approval pursuant to 20 Pa.C.S.A. §3323(b).

---

[1] Last Will and Testament attached as **Exhibit "A."**
[2] Letters of Administration attached as **Exhibit "B."**
[3] A copy of the Fee Contract is attached as **Exhibit "C."**
[4] Complaint attached hereto as **Exhibit "D."**

10. The following settlement has been proposed: in exchange for a release, the Defendants will pay the total amount of $225,000.00 within 20 days of any Order approving settlement.

11. This is a full and final settlement that will end this lawsuit.

## LIENS AND CREDITORS

12. The names and status of payment of all liens and estate creditors are as follows:

<u>Lien: Medicare</u>.  It is currently estimated that $10,889.73 may be due as reimbursement to Medicare for its lien.[5]  Following approval of this settlement, negotiations will occur with the lien holder to determine the final lien amount.  The above amount is subject to change, as negotiations with the lien holder have not yet been concluded.  The funds to pay the lien will be sent to the lien holder by Murray, Stone & Wilson, PLLC.  If negotiations result in an amount less than the above-mentioned amount, after any subsequent costs are paid, the savings will be divided equally among the wrongful death beneficiaries.

<u>Lien: Medicaid</u>.  It is currently estimated that $17.80 may be due as reimbursement to Medicaid for its lien.[6]  Following approval of this settlement, negotiations will occur with the lien holder to determine the final lien amount.  The above amount is subject to change, as negotiations with the lien holder have not yet been concluded.  The funds to pay the lien will be sent to the lien holder by Murray, Stone & Wilson, PLLC.  If negotiations result in an amount less than the above-mentioned amount, after any subsequent costs are paid, the savings will be divided equally among the wrongful death beneficiaries.

---

[5] A copy of the Medicare Demand payment letter is attached as **Exhibit "E."**
[6] A copy of the Medicaid Demand payment letter is attached as **Exhibit "F."**

<u>Synergy</u> – An amount of $700 is due to Synergy Lien Resolution Services for negotiation and resolution of the liens. This will be sent to Synergy Lien Resolution Services by Murray Stone & Wilson, PLLC.[7]

13. The Philadelphia County Register of Wills was contacted on October 23, 2023, and they represented that no claims have been filed against the Estate of Alvetta Webb.

COUNSEL FEES AND EXPENSES

14. Pursuant to the written Fee Contract between Movant and Counsel, Counsel requests a fee in the amount of $90,000.00 (40% of the gross amount recovered). *See* written Fee Contract attached as Exhibit "C."

15. Pursuant to the written Fee Contract between Movant and Counsel, Counsel seeks reimbursement for $4,890.93 which represents Counsel's expenses in pursing the litigation against Defendants. *See* Fee Contract attached as Exhibit "C".[8] Further, counsel seeks a retainer of an additional $1,000 for unanticipated future costs. The balance of such retainer shall be remitted to the Movant at the close of the matter.

16. Movant retained the services of Skarlatos and Zonarich as probate counsel. The attorneys' fees and costs associated with probating the estate of Alvetta Webb total $11,859.52.[9]

PROPOSED DISTRIBUTION AND ALLOCATION

17. After the above-listed disbursements for counsel fees, expenses, estimated lien, $105,642.02 will be left of the settlement proceeds.

18. Movant requests allocation of the settlement proceeds as follows:

---

[7] A copy of the Synergy Invoice is attached as **Exhibit "G."**
[8] An itemized statement of Counsel's expenses for which reimbursement is sought is attached hereto as **Exhibit "H."**
[9] Skarlatos Zonarich Invoice attached as **Exhibit "I."**

| Category | Percent |
|---|---|
| Wrongful Death Claim | 100% |
| Survival Claim | 0% |

19.   The reasons for the requested allocation are as follows:

   a.   The amount allocated to the wrongful death beneficiaries for settlement of their <u>Wrongful Death claims</u> is sufficient to compensate the wrongful death beneficiaries for the damages they sustained as a result of the loss of their mother.  By way of further explanation, and due to the wrongful death of Alvetta Webb, the wrongful death beneficiaries have suffered a pecuniary loss of the value of her services; namely, the services of society, companionship and comfort.  Moreover, the claims of the wrongful death beneficiaries are without liability to the creditors of the Estate of Alvetta Webb.  *See e.g.* 42 Pa.C.S. §8301(b).[10]

CONCURRENCES

20.   Counsel for Movant is of the professional opinion that due to the uncertainties of litigation; the proposed settlement is reasonable and is in the best interests of the Estate and wrongful death beneficiaries.  The basis for Counsel's opinion is that Defendants have denied any wrongdoing about the care they provided to the Decedent, and the proposed settlement allows this case to be resolved without incurring the expense and delay of continued litigation and a jury trial, with uncertain outcome.

21.   Movant Steven Boykin, as Executor of the Estate of Alvetta Webb, deceased, concurs in the proposed settlement and distribution.  His consent is attached.

---

[10] The damages recoverable shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth.  42 Pa.C.S. §8301(b).

22.     A true and correct copy of this Motion was provided to the Pennsylvania Department of Revenue and its approval of the proposed distribution is attached hereto as **Exhibit "J."**

## CONCLUSION

23.     No hearing is requested.

24.     Movant Steven Boykin, as Executor of the Estate of Alvetta Webb, deceased will file a Pennsylvania Inheritance Tax Return for the proceeds of the survival action and will pay the liens and claims as aforesaid.

8.  Accordingly, it is respectfully submitted that Plaintiff is entitled to the relief set forth in Plaintiff's proposed Order.

**WHEREFORE**, Plaintiff, Steven Boykin, as Executor for the Estate of Alvetta Webb, deceased, by and through counsel, Murray, Stone & Wilson, PLLC, respectfully requests that this Court grant the instant Motion to Settle and enter the Order submitted herewith.

Respectfully Submitted,

**MURRAY, STONE & WILSON, PLLC**
*Attorneys for Plaintiff*

Date: November 16, 2023            By:    /s/ *Matthew T. Stone*
                                                   Matthew T. Stone, Esquire

## CERTIFICATE OF CONSENT

    I, Steven Boykin, Executrix of the Estate of Alvetta Webb, deceased, do hereby certify that I have reviewed the attached PLAINTIFF'S UNCONTESTED PETITION FOR SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS, concur therewith, and join in this petition and pray that this court approve the proposed settlement and allocation.

Dated: 11/16/23

_____
Steven Boykin, Executrix of the Estate of
Alvetta Webb, deceased

Doc ID: c6d344ad302bf8b393e6b05dc7e337ccce4e5474

## VERIFICATION

I, Steven Boykin, Executrix of the Estate of Alvetta Webb, deceased, hereby certify that the facts set forth in the following Petition are based upon information which I have furnished to counsel, as well as upon information which has been gathered by counsel and/or others acting on my behalf in this matter. The language in the Petition is that of counsel and not my own. I have read the Petition, and to the extent it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Petition is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Petition are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 11/16/23

_____
Steven Boykin, Executrix of the Estate of
Alvetta Webb, deceased